381 A.2d 1044.

RONALD ANDERSON *vs.* CHARLES GRAY.

JANUARY 6, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM  This is a negligence action in which the plaintiff seeks to recover damages for personal injuries he sustained while riding as a passenger in an automobile which was owned and operated by the defendant. A Superior Court jury returned a verdict for the defendant, and the trial justice denied the plaintiff's motion for a new trial. In his appeal the plaintiff's sole challenge is to the denial of his new trial motion. Hereinafter we shall refer to the litigants by their last names.

Following the filing of briefs, we issued an order to Anderson directing him to appear before us on November 4, 1977 and show cause why his appeal should not be dismissed

in light of the "sudden emergency" charge given to the jury together with his failure to show us any misconception of material evidence by the trial justice when he considered the new trial motion. Anderson, through his attorney, appeared before us on the specified date and attempted to show cause.

The record indicates that in November 1970 Anderson and Gray were employed by the Blackstone Valley Electric Company. Shortly after 8 p.m. on November 4, Anderson accepted Gray's offer of a ride home from the company's plant, which is situated in the town of Lincoln on the westerly side of Washington Highway. Minutes later Gray was proceeding southerly along Mendon Road through Ashton. The weather and road conditions were not the best. It was dark, rainy and windy. Autumn leaves were falling onto the roadway. Mendon Road, as it makes its way through Ashton, is a two-lane highway which measures approximately 50 to 55 feet in width. One lane is used by southbound traffic, while the other lane is reserved for northbound motorists.

There is evidence from which the jury could believe that within seconds after Gray had negotioated a "sharp curve," he struck some ruts in the road, skidded on some wet leaves, and then "shot" diagonally across the roadway in a somewhat southwesterly fashion. The "shot" came to a sudden end when a northbound automobile struck the passenger side of Gray's vehicle, causing the hospitalization of both its occupants. Anderson estimated that just prior to the skidding episode Gray's automobile was traveling between 30 and 35 miles an hour. Gray, on the other hand, estimated his speed at somewhere between 20 and 25 miles per hour.

Anderson told the jury that the roadway ruts were located about 4 to 5 feet from the westerly curbing. He also conceded that there was no sign or other device which would warn the southbound motorist about the ruts. Gray attributed the presence of the ruts to the fact that some utili-

ty company, after digging a trench and sinking a conduit pipe in the roadway, covered the depression with 1 inch of asphalt without doing a proper job of packing the trench. Gray freely admitted that it was possible that immediately after the mishap he had told several individuals that he was "at fault." However, it is obvious that at trial he was of a different mind and was insisting that in light of his sudden encounter with the wet leaves and the highway depression he had exercised due care for the safety of his passenger.

In his instructions, the trial justice told the jury that when a driver is faced "with a sudden emergency not of his own making, all that he is required to do is exercise the same degree of judgment and care that would be required of a reasonably prudent person faced with the same emergency." No objection was taken to this portion of the charge. In denying Anderson's motion for a new trial, the trial justice referred specifically to his "sudden emergency" charge as well as Gray's explanation of his post-collision-fault conversation. The trial justice observed that the record presented a simple question of fact as to whether or not Gray was operating his automobile in a reasonable manner just prior to his coming upon the wet leaves and road ruts. He also noted that the state of the evidence was such that reasonable men could reach different conclusions as to Gray's liability. The trial justice could perceive no reason to disturb the jury's verdict, and neither do we.

The plaintiff having failed to show cause, his appeal is denied and dismissed.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*John F. McBurney,* for plaintiff.

*Gunning, LaFazia & Gnys, Inc., Guy J. Wells,* for defendant.